# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM IGNACIO PEREIRA VIDAL,<br>Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-01903-JLS |
| | : | |
| BRIAN McSHANE, *et al.*,<br>Respondents. | : | |
| | : | |

## **ORDER**

**AND NOW**, this     6th  day of April, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Respondents' Opposition to Petition for Writ of Habeas Corpus (ECF No. 8), and the Petitioner's Reply to Respondents Opposition Brief (ECF No. 9), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**.[1]

---

[1] Petitioner is a native and citizen of Venezuela. He was admitted to the United States on October 25, 2017 on a nonimmigrant B-2 Visitor for Pleasure Visa. See ECF 8-1, p.1– Form I-213, Record of Deportable/Inadmissible Alien (dated March 23, 2026). The terms of that nonimmigrant visa permitted him to remain in the United States for a temporary period not to exceed April 24, 2018. *Id*. at pp. 2-3. Apparently, Petitioner remained in the United States beyond this temporary period. ECF 8-2 – Form I-862, Notice to Appear (dated Nov. 14, 2018). On July 6, 2018, Petitioner filed an affirmative Form I-589, Application for Asylum and Withholding of Removal with the United States Citizenship and Immigration Services (USCIS). ECF 8-1, p. 3. On August 29, 2018, USCIS issued a decision, finding Petitioner ineligible for asylum and referring his application to an immigration judge for review. *Id*. USCIS subsequently placed Petitioner into removal proceedings under 8 U.S.C. § 1227(a)(1)(B) through issuance of a Notice to Appear (NTA). ECF 8-2. On April 28, 2021, Petitioner filed form I-821, seeking Temporary Protected Status (TPS). ECF 8-1, p.3. Petitioner's request for TPS was granted on October 4, 2021 and was to remain in effect until September 9, 2022. *Id*. An immigration judge administratively closed Petitioner's removal proceedings on August 8, 2023, based on Petitioner's then-approved Form I-821. *Id*. Petitioner's TPS was terminated on November 19, 2025. *Id*. On February 4, 2026, Petitioner was arrested by the Delaware State Police Division of Gaming Enforcement for Underage Gambling. *Id*. On June 27, 2025, Petitioner was cited for driving with tinted windows. *Id*. Based on Petitioner's immigration status, an I-200 Warrant of Arrest was issued for Petitioner. *Id*. at p. 4; ECF 8-3- Form I-200, Warrant for Arrest of Alien (dated Feb. 4, 2026). ICE arrested and detained Petitioner on March 23, 2026. ECF 8-3; ECF 8-4 -– Form I-286, Notice of Custody Determination (dated March 23, 2026). On that same day, Petitioner requested a review of his custody determination before an Immigration Judge. *Id*. On March 30, 2026, DHS filed an emergency motion with Immigration Court in Philadelphia to recalendar Petitioner's administratively closed proceedings so that Petitioner could receive a bond hearing before an Immigration Judge. ECF 8-5. That motion is still pending. Meanwhile, Petitioner is being detained at the Philadelphia Detention Center.

Petitioner does not dispute that he overstayed his B-2 visa and is currently detained under 8 U.S.C. § 1226(a)'s discretionary authority. In his Petition, Petitioner argues that, since he is not subject to mandatory detention, he is entitled to an individualized bond hearing. Petitioner claims detention without an individualized assessment violates his due process rights and, therefore, he seeks immediate release from custody.
Respondents respond that DHS has filed an emergency motion to recalendar Petitioner's removal proceedings and that if that motion is granted, Petitioner will be entitled to an individualized bond hearing before an Immigration Judge. Petitioner replies that he is nevertheless entitled to an *immediate* bond hearing and that any detention while the administrative process plays out violates his due process rights.

A noncitizen present in the United States may still be removed if he or she falls "within one or more ... classes of deportable

1. The Government shall **RELEASE** Mr. Pereira Vidal from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on, April 7, 2026;

2. If the Government chooses to pursue re-detention of Mr. Pereira Vidal pursuant to 8 U.S.C. § 1226(a), it must wait until his removal proceedings are recalendared and his case is assigned to an Immigration Judge so that it can afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL**
United States District Court Judge

---

aliens." 8 U.S.C. § 1227(a). Section 1227(a)(1)(B) provides for the removal of noncitizens who have overstayed their authorized period of nonimmigration admission. Section 1226 generally governs the process of arresting and detaining noncitizens already present in the country who are deportable under Section 1227 pending their removal. *Jennings v. Rodriquez*, 583 U.S. 281, 288 (2018). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a noncitizen] 'pending a decision on whether the alien is to be removed from the United States.' " *Id.* (quoting 8 U.S.C. § 1226(a)). The detention authority under § 1226(a) is discretionary and the Attorney General "may release" an alien detained under § 1226(a) "on ...bond" or "conditional parole." *Id.*

Here, the parties agree Petitioner has been detained under the discretionary authority of § 1226(a). Federal Regulations "provide that aliens detained under § 1226(a) receive bond hearings at the *outset* of detention." *Jennings*, 538 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)) (emphasis added.). Bond is available if the noncitizen "demonstrate[s] ... such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8) "[T]he immigration judge is authorized to exercise the authority ... to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond." 8 C.F.R. § 236.1(d)(1).

Since Petitioner is currently not eligible to receive a bond hearing at the outset of his detention and will not receive such a hearing unless the government's emergency motion is granted and the matter is subsequently assigned to an Immigration Judge, thus rendering the duration of Petitioner's detention to be of an indeterminate nature, the Court will order the immediate release of Petitioner. *Jennings*, 538 U.S. at 306. If the government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must wait until his removal proceedings are recalendared and his case is assigned to an Immigration Judge so that it can afford him the process due, including but not limited to an immediate bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1).

The two cases the Respondents rely on, *Borbot v. Warden Hudson County Correctional Facility*, 906 F. 3d 274 (3d Cir. 2018) and *Guaman Guerrero v. McShane*, et al., Case No. 2:25-cv-06974, Order (ECF No. 8) (E.D. Pa. Jan. 27, 2026) (Gallagher, J.) are distinguishable because in those cases, unlike here, the petitioner was granted meaningful process contemplated by § 1226(a) in the form of a bond hearing either prior to filing his habeas petition (*Borbot*)  or within 30 days thereafter (*Guaman Guerrero).* In this case, there is no indication of when Petitioner will be even eligible to receive a bond hearing.